IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LISA R. MURPHY,                                                                                       PLAINTIFF
ADC #760343

v.                                          NO. 1:14CV00062 JLH-JTR

N. FAUST, Warden,
McPherson Unit, ADC, *et al.*                                                          DEFENDANTS

## OPINION AND ORDER

Lisa R. Murphy is a prisoner in the McPherson Unit of the Arkansas Department of Correction. She has filed a *pro se* § 1983 complaint alleging that defendants violated her constitutional rights.

The Prison Litigation Reform Act requires federal courts to screen complaints filed by prisoners. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). The Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). The Court need not, however, accept as true legal conclusions, even those stated as though they are factual

allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009).  A *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

**A.     Failure to Protect Claims**

Murphy alleges that, on May 1, 2014, Warden Faust and Major Dixon subjected her to an unconstitutional risk of harm when they transferred her from administrative segregation to barracks 2, where she is housed with inmates who want to harm her.  Documents #2 and #4.  On May 8, 2014, correctional officer Kelly D. Whaley[1] allegedly escalated the risk of harm by falsely telling the prisoners in barracks 2 that Murphy was a "snitch."  The Court concludes, *for screening purposes only*, that Murphy has pled plausible failure to protect claims against Faust, Dixon, and Whaley.

**B.     Corrective Inaction and Failure to Train Claims**

Sergeant G. Cox allegedly knew that Whaley labeled Murphy a snitch, but refused to take any corrective action.  According to Murphy, Whaley's actions were the result of improper training by Warden Weekly.  The Court concludes, *for screening purposes only*, that Murphy has pled plausible corrective inaction and failure to train claims against Cox and Weekly.

**C.     Verbal Abuse**

Murphy contends that Whaley, Dixon, and correctional officer Blair "screamed" and "yelled" at her during the May 8, 2014 incident.  It, however, is well settled that verbal abuse and mere

---

[1] The complaint and docket sheet name this defendant as "K. Wayley." However, the disciplinary forms attached to the amended complaint demonstrate that her full and correct name is "Kelly D. Whaley."  Document #4 at 5.  The Court will direct the Clerk to fix that error.

threatening language by prison official does not rise to the level of a constitutional violation. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992). Thus, Murphy has failed to plead an actionable § 1983 claim in regard to the verbal abuse she allegedly endured.

**D.     Claims Against Blair**

Murphy's only other allegation against Blair is that she was present when Whaley told inmates in barracks 2 that Murphy was a snitch. To state a plausible constitutional violation, a prisoner must plead "sufficient factual matter" suggesting that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Murphy has not pled any such facts against Blair. Thus, Blair is dismissed from this lawsuit because Murphy has failed to plead a plausible § 1983 claim against her.

**E.     Retaliatory Discipline Claims**

Murphy claims that, on May 8, 2014, Whaley and Faust issued retaliated disciplinary charges accusing her of using abusive and obscene language. Document #4 at 4-5. Whaley and Faust allegedly did so to punish Murphy for writing grievances against them.

A disciplinary conviction cannot be deemed retaliatory if it was issued for an actual violation of prison rules. *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008); *Moots v. Lombardi,* 453 F.3d 1020, 1023 (8th Cir. 2006). Thus, a retaliation claim fails, as a matter of law, if there was "some evidence" to support the disciplinary conviction. *Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir. 1994); *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). The Eighth Circuit has clarified that "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as some evidence upon which to base a prison disciplinary violation, if

the violation is found by an impartial decision maker." *Hartsfield,* 511 F.3d at 831; *see also Henderson,* 29 F.3d at 469.  Importantly, this rule applies even if the report is written by the officer who is alleged to have engaged in the retaliatory conduct.  *Id.*

In the amended complaint, Murphy admits that a hearing officer found her guilty of using obscene and abusive language during the May 8, 2014 incident.  Document #4.  Thus, her retaliatory discipline claims against Cox and Whaley fail as a matter of law.

## CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to change defendant Wayley's name to "Kelly D. Whaley."

2. Murphy may proceed with her failure to protect, corrective inaction, and failure to train claims against Faust, Weekley, Whaley, and Dixon.

3. All other claims and defendants are dismissed without prejudice.

4. The Clerk is directed to prepare a summons for Faust, Weekley, Whaley, and Dixon. The U.S. Marshal is directed to serve the summons, complaint, amended complaint, and this Opinion and Order on them through the ADC Compliance Office without prepayment of fees and costs or security therefor. If any of the defendants are no longer ADC employees, the ADC Compliance Office must file a **sealed** statement containing the unserved defendant's last known private mailing address.

IT IS SO ORDERED this 4th day of September, 2014.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE